UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE

| | |
|---|---|
| STEVE HOWARD FLOWERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| PUTNAM COUNTY, TENNESSEE; ) | |
| DAVID ANDREWS, individually and ) | Case 2:11-0054 |
| in his official capacity as ) | Judge Sharp/Brown |
| Sheriff of Putnam County, ) | **Jury Demand** |
| Tennessee; and JACK FARLEY, ) | |
| individually and in his official ) | |
| capacity as Chief Deputy of Putnam ) | |
| County Sheriff's Department, ) | |
| ) | |
| Defendants ) | |

### INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

**A. JURISDICTION:** This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343, and 28 U.S.C. § 1983.

**B. THEORY OF THE PLAINTIFF:** Plaintiff believes that his First and Fourteenth Amendment rights have been violated. Plaintiff further believes that Defendants have violated Tennessee Code Annotated § 8-50-601 through § 8-50-603. Plaintiff was unlawfully terminated because of his political views. Plaintiff was subjected to adverse employment actions, harassment, retaliation, and termination for his political association with Greg Cooper, the political opponent of incumbent David Andrews, who

is Plaintiff's boss.  Plaintiff believes that Defendant Sheriff David Andrews, through his political office, used members of the Putnam County Sheriff's Department to retaliate against him for his political association, which led to his eventual termination. Plaintiff would aver that the proposed reason for firing was pretextual. Plaintiff was discriminated against due to the exercise of his constitutional right to political speech and association, and from conspiracy to unlawfully deprive Plaintiff of equal protection of the laws with respect to promotion, wages, and other terms and conditions of employment due to Plaintiff's political expression and association.

**C. THEORY OF DEFENDANTS DAVID ANDREWS AND JACKY FARLEY:** Each of these Defendants, individually, pleads the doctrine of qualified immunity.

It is denied that either of these Defendants violated any constitutional rights of the Plaintiff.

The Plaintiff was an employee at will and could be terminated with or without cause at any time and the Plaintiff had no property interest in his job.

The Plaintiff was terminated from the Putnam County Sheriff's Department for cause.  It is averred that the Plaintiff failed to adequately investigate a serious felony and failed to properly complete his reporting regarding this incident.  The Plaintiff was given a hearing before Sheriff Andrews and was

properly terminated for cause. It is specifically denied that the Plaintiff's termination was the result of any support for any opponent of Sheriff David Andrews. Over the course of his employment the Plaintiff had been cautioned about poor reporting in the past and had not improved his reporting of investigations; arrests; and incidents.

It is denied that the Plaintiff states a cause of action for which relief may be granted pursuant to T.C.A. § 8-50-601 through 8-50-603.

This Court should not exercise supplemental or pendant jurisdiction over any Tennessee state torts.

**D.     THEORY OF DEFENDANT PUTNAM COUNTY, TENNESSEE:** Over the course of his employment, the Plaintiff had been cautioned about poor reporting in the past and had not improved his reporting of investigations, arrests, and incidents. The Plaintiff was terminated from the Putnam County Sheriff's Department for cause. The Plaintiff failed to adequately investigate a serious felony and failed to properly complete his reporting regarding the incident. The Plaintiff was given a hearing before Sheriff Andrews and was properly terminated for cause. The Plaintiff had no property interest in his job. Further, the Plaintiff was an employee at will and could be terminated with or without cause at any time.

The Defendants did not violate any rights of the Plaintiff, nor are they legally liable to the Plaintiff for any sum

whatsoever.  The Plaintiff's termination was not the result of any protected constitutional activity. The Plaintiff's termination had nothing to do with whatever level of support he provided for Sheriff Andrews' opponent in any election.

The Plaintiff's complaint fails to state a cause of action for which relief may be granted pursuant to T.C.A. §§ 8-50-601 through 8-50-603.  Further, this Court should not exercise supplemental or pendant jurisdiction over any Tennessee state torts.

  **E.** **ISSUES RESOLVED:** Jurisdiction and venue.

  **F.** **ISSUES STILL IN DISPUTE:** Liability and damages.

  **G.** **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 15, 2011**.

  **H.** **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **March 2, 2012.** Discovery is not stayed during dispositive motions, unless order by the Court.  Local Rule 9(a)(2) is expanded to allow **40** interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown .

**I. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **June 6, 2012.**

**J. DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 3, 2012**. The Defendants shall identify and disclose all expert witnesses and reports on or before **February 3, 2012**.

**K. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **March 2, 2012**.

**L. STATUS CONFERENCE:** A telephone conference with Magistrate Judge Brown to discuss case progress and possible alternative dispute resolution is set for **January 17, 2012, at 11:00 a.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

**M. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **April 2, 2012**. Responses to dispositive motions shall be filed within **21 days** after service. Optional replies, if any, and limited to **five pages**, shall be filed within **14 days** after service of the response. Briefs shall not exceed **25 pages**. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**N. ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Thus, the

default standard contained in Administrative Order No. 174 need not apply to this case.

**O. ESTIMATED TRIAL TIME:** The parties estimate that this jury trial will take three days, depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **August 21, 2012**, **at 9:00 a.m.** Judge Sharp will conduct the final pretrial conference on **July 30, 2012, at 3:00 p.m.** Judge Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge